USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/16/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

      -against-

YUE HAN and WEI HAN,

      Defendant and Relief Defendant.
------------------------------------------------------------ x

15 Civ. 9260 (VEC)

ECF CASE

# FINAL JUDGMENT AS TO DEFENDANT YUE HAN
# AND RELIEF DEFENDANT WEI HAN

The Securities and Exchange Commission having filed a Complaint and Defendant Yue Han ("Defendant") and Relief Defendant Wei Han ("Relief Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and Relief Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph V); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment, as set out in the Consent of Defendant Yue Han and Relief Defendant Wei Han ("Consent"):

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 14(e) of the Exchange Act [15 U.S.C. § 78n(e)] and Rule 14e-3 [17 C.F.R. § 240.14e-3] promulgated thereunder, in connection with any tender offer or request or invitation for tenders, from engaging in any fraudulent, deceptive, or manipulative act or practice, by:

    (a)    purchasing or selling or causing to be purchased or sold the securities sought or to be sought in such tender offer, securities convertible into or exchangeable for any such securities or any option or right to obtain or dispose of any of the foregoing securities while in possession of material

information relating to such tender offer that Defendant knows or has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee or other person acting on behalf of the offering person or such issuer, unless within a reasonable time prior to any such purchase or sale such information and its source are publicly disclosed by press release or otherwise; or

(b) communicating material, nonpublic information relating to a tender offer, which Defendant knows or has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee, advisor, or other person acting on behalf of the offering person of such issuer, to any person under circumstances in which it is reasonably foreseeable that such communication is likely to result in the purchase or sale of securities in the manner described in subparagraph (a) above, except that this paragraph shall not apply to a communication made in good faith

    (i) to the officers, directors, partners or employees of the offering person, to its advisors or to other persons, involved in the planning, financing, preparation or execution of such tender offer;

    (ii) to the issuer whose securities are sought or to be sought by

        such tender offer, to its officers, directors, partners, employees or advisors or to other persons involved in the planning, financing, preparation or execution of the activities of the issuer with respect to such tender offer; or

   (iii) to any person pursuant to a requirement of any statute or rule or regulation promulgated thereunder.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $468,131.90—representing profits gained as a result of the conduct alleged in the Complaint—of which the Relief Defendant is joint-and-severally liable for disgorgement in the amount of $434,875.77. Defendant's and Relief Defendant's disgorgement shall be satisfied by (a) relinquishment by Defendant and Relief Defendant of all legal and equitable right, title and interest in the accounts set out on Exhibit A hereto (the "Accounts"); (b) the subsequent liquidation of the Accounts by the financial institutions—including Fidelity Brokerage Services LLC, Scottrade, Inc., JPMorgan Chase, N.A., and Wells Fargo Bank, N.A. (together, the "Financial Institutions")—where the Accounts are held; and (c) transfer of the entire proceeds of the Accounts to the Commission, within 14 days after entry of the Final Judgment.

The Financial Institutions may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. The Financial Institutions may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>  Enterprise Services Center
>  Accounts Receivable Branch
>  6500 South MacArthur Boulevard
>  Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendant's name as a defendant in this action or Relief Defendant's name as a relief defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

The Financial Institutions shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action, Alexander Janghorbani, Senior Trial Counsel, Securities and Exchange Commission, Brookfield Place, 200 Vesey Street Suite 400, New York, New York 10281, JanghorbaniA@sec.gov. By making this payment, Defendant and Relief Defendant relinquish all legal and equitable right, title, and interest in Assets and no part of the Assets shall be returned to Defendant or Relief Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant and Relief Defendant shall pay post

judgment interest on any delinquent amounts caused by them pursuant to 28 U.S.C. § 1961.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant and Relief Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant and Relief Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant or Relief Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant or Relief Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: __March 16__, __2016__

_Valerie Caproni_
UNITED STATES DISTRICT JUDGE

6

**THIS DOCUMENT WAS ENTERED ON THE DOCKET ON** _____


Exhibit A

| BROKERAGE FIRM OR FINANCIAL INSTITUTION | ACCOUNT NUMBER |
|---|---|
| Fidelity Brokerage Services LLC<br>900 Salem Street OTGW1<br>Smithfield, RI 02917 | ***-**3834 |
| Scottrade, Inc.<br>700 Maryville Centre Drive<br>St. Louis, MO 63131-5824 | ****6866 |
| JPMorgan Chase, N.A.<br>111 Eighth Avenue, 13th Floor<br>New York, NY 10011 | ***************5380 and *****1520 |
| Wells Fargo Bank, N.A.<br>2700 S. Price Road<br>Chandler, AZ 85286 | ******7629 and ******8726 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
SECURITIES AND EXCHANGE         :
COMMISSION,                     :
                                :
    Plaintiff,                  :
                                :    15 Civ. 9260 (VEC)
    -against-                   :
                                :    ECF CASE
YUE HAN and WEI HAN,            :
                                :
    Defendant and Relief Defendant. :
------------------------------------------------------------ x

## CONSENT OF DEFENDANT YUE HAN AND RELIEF DEFENDANT WEI HAN

1. Defendant Yue Han ("Defendant") and Relief Defendant Wei Han ("Relief Defendant") waive service of a summons and the complaint in this action, enter a general appearance, and admit the Court's jurisdiction over Defendant and Relief Defendant and over the subject matter of this action.[1]

2. Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 11 and except as to personal and subject matter jurisdiction, which Defendant and Relief Defendant admit), Defendant and Relief Defendant hereby consent to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Defendant from violation of Section 10(b) and 14(e) of the Securities Exchange Act of 1934 ("Exchange Act")

---

[1] This Consent is entered into solely for the purpose of settling these proceedings, with the express understanding that it will not be used in any way in these or any other proceedings, unless the Consent is accepted by the Securities and Exchange Commission ("Commission"). If the Consent is not accepted by the Commission, the Consent is withdrawn without prejudice to the Defendant or Relief Defendant and shall not become part of the record in these or any other proceedings.

1

        [15 U.S.C. §§ 78j(b) and 78n(e)] and Rules 10b-5 and 14e-3 thereunder [17 C.F.R. §§ 240.10b-5 and 240.14e-3]; and

(b)     finds Defendant liable for disgorgement in the amount of $468,131.90, of which Relief Defendant is jointly-and-severally liable for disgorgement in the amount of $434,875.77.

(c)     Orders that Defendant's and Relief Defendant's disgorgement shall be satisfied by (i) relinquishment by Defendant and Relief Defendant of all legal and equitable right, title, and interest in the accounts set out on Exhibit A hereto (the "Accounts"); (ii) the subsequent liquidation of the Accounts by the financial institutions—including Fidelity Brokerage Services LLC, Scottrade, Inc., JPMorgan Chase, N.A., and Wells Fargo Bank, N.A. (together, the "Financial Institutions")—where the Accounts are held; and (iii) transfer by the Financial Institutions of the entire proceeds of the Accounts to the Commission, within 14 days after entry of the Final Judgment, as further set out in the Final Judgment.

3.     Defendant and Relief Defendant (i) relinquish all legal and equitable right, title, and interest in the Accounts; (ii) direct the Financial Institutions to liquidate the Accounts; and (iii) direct the Financial Institutions to transfer the entire proceeds of the Accounts to the Commission, within 14 days after entry of the Final Judgment, as further set out in the Final Judgment. In addition, Defendant and Relief Defendant authorize the Financial Institutions to turn over the entire proceeds of the Accounts to the Commission without the need to obtain any further consent from, or notice to, the Defendant or Relief Defendant.

4.  Defendant and Relief Defendant waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.  Defendant and Relief Defendant waive the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.  Defendant and Relief Defendant enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant and/or Relief Defendant to enter into this Consent.

7.  Defendant and Relief Defendant agree that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.  Defendant and Relief Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

9.  Defendant and Relief Defendant waive service of the Final Judgment and agree that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant and Relief Defendant of its terms and conditions. Defendant and Relief Defendant further agree to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant and Relief Defendant have received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant and Relief Defendant in this civil proceeding. Defendant and Relief Defendant acknowledge that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any

criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant and Relief Defendant waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant and Relief Defendant further acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant and Relief Defendant understand that they shall not be permitted to contest the factual allegations of the complaint in this action.

11. Defendant and Relief Defendant understand and agree to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's and Relief Defendant's agreement to comply with the terms of Section 202.5(e), Defendant and Relief Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant and

Relief Defendant do not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant and Relief Defendant do not deny the allegations; (iii) upon the filing of this Consent, Defendant and Relief Defendant hereby withdraw any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant and/or Relief Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant and Relief Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant or Relief Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's or Relief Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant and Relief Defendant hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant or Relief Defendant to defend against this action. For these purposes, Defendant and Relief Defendant agree that Defendant

and Relief Defendant are not the prevailing party in this action since the parties have reached a good faith settlement.

13. Defendant and Relief Defendant agree that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Defendant and Relief Defendant agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 01/08/2016

_____
Yue Han

Dated: 2016.1.8

_____
Wei Han

## Exhibit A

| BROKERAGE FIRM OR FINANCIAL INSTITUTION | ACCOUNT NUMBER |
|---|---|
| Fidelity Brokerage Services LLC<br>900 Salem Street OTGW1<br>Smithfield, RI 02917 | \*\*\*-\*\*3834 |
| Scottrade, Inc.<br>700 Maryville Centre Drive<br>St. Louis, MO 63131-5824 | \*\*\*\*6866 |
| JPMorgan Chase, N.A.<br>111 Eighth Avenue, 13th Floor<br>New York, NY 10011 | \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*5380 and \*\*\*\*\*1520 |
| Wells Fargo Bank, N.A.<br>2700 S. Price Road<br>Chandler, AZ 85286 | \*\*\*\*\*\*7629 and \*\*\*\*\*\*8726 |